IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY GERARD GUY § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-09-CV-2060-L |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Timothy Gerard Guy, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of possession of 200 grams or more but less than 400 grams of cocaine. Punishment was assessed at 75 years confinement and a $10,000 fine. His conviction and sentence were affirmed on direct appeal. *Guy v. State*, No. 05-07-00733-CR, 2008 WL 3984051 (Tex. App.--Dallas, Aug. 28, 2008, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Guy*, WR-72,225-01 (Tex. Crim. App. Jul. 8, 2009). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that: (1) the evidence was legally insufficient to support his conviction; (2) he was denied the right to be present during trial; (3) his conviction

was the result of an unlawful search and seizure; and (4) he received ineffective assistance of counsel on appeal.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 559 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *citing Williams*, 120 S.Ct. at 1521-22. Factual determinations made by state courts are

presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that the evidence was legally insufficient to support his conviction because the state failed to connect him to the contraband.[1]

1.

Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Under Texas law, a person commits the offense of unlawful possession of a controlled substance if he knowingly or intentionally possesses a substance listed in Penalty Group 1 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (Vernon 2003). Cocaine is a substance listed in Penalty Group 1. *Id.* § 481.102(3)(D). Possession means "actual care, custody, control, or management." *Id.* § 481.002(38); *see also Martin v. State*, 753 S.W.2d

---

[1] To the extent petitioner attempts to challenge the factual sufficiency of the evidence, such a claim is not cognizable on federal habeas review. "Factual insufficiency" is a creation of Texas law whereby the reviewing court scrutinizes the factfinder's weighing of the evidence. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). However, in a federal habeas case, the relevant inquiry is whether "[a] rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990), *quoting Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791-92, 61 L.Ed.2d 560 (1979). This standard of review controls even if state law would impose a more demanding standard of proof. *Id.* at 284. *See also Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

384, 386 (Tex. Crim. App. 1988). Unlawful possession of cocaine is a first-degree felony if the amount of cocaine possessed is, by aggregate weight, including adulterants or dilutants, 200 grams or more but less than 400 grams. *Id.* § 481.115(e).

2.

The gravamen of petitioner's legal sufficiency claim is that there was no evidence linking him to cocaine found in the rental car in which he was riding. The car was stopped by a Texas DPS officer on IH-20, a well-known drug corridor, because it did not have front or rear license plates and the paper registration tag in the rear window did not bear a visible expiration date. (*See* SF-IV at 22). When the officer approached petitioner, who was seated in the front passenger seat, he observed a green leafy plant substance on his shirt and lap area. (*Id.* at 33). The officer also detected a strong odor of laundry detergent from inside the car. (*Id.* at 35). Petitioner appeared agitated, would not look at the officer, and had trouble finding identification. (*Id.*). After the driver, Christopher Keller, consented to a search of the car, (*see id.* at 37-38), the officer found a loaded .45 caliber automatic pistol between the passenger seat and middle console, and a large package wrapped in duct tape underneath the passenger seat. (*Id.* at 42-44). Keller immediately inquired about the package. (*Id.* at 45). Petitioner told the officer it was "trash." (*Id.* at 79). The officer opened the package and discovered cocaine. (*Id.* at 48). At the police station, a small amount of marijuana was found inside petitioner's shirt pocket. (*Id.* at 50).

The state appeals court determined that this evidence was sufficient to support petitioner's conviction for possession of a controlled substance. *Guy*, 2008 WL 3984051 at *3-4. This court must defer to that decision unless petitioner demonstrates it "was based on an unreasonable determination of the facts in light of the evidence presented." *Denbow v. Johnson*, No. 3-01-CV-0148-X, 2001 WL 896929 at *2 (N.D. Tex. Aug. 2, 2001), *quoting Hill v. Johnson*, 210

F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2001 (2001). Petitioner has failed to meet this heavy burden. As the state court explained:

> Viewing the evidence under the appropriate standards, the record reflects the officer testified appellant moved around in the car initially during the stop, appeared nervous and "agitated while explaining his previous activities" to the officer, would not make eye contact, continuously requested to exit the car, and once out of the car, whispered to Keller and walked around in circles with him while the officer tried to open the package. This evidence suggested a consciousness of guilt.
>
> * * * *
>
> Further, the officer testified appellant had marijuana on his shirt in the form of a green leafy substance and that appellant was in possession of marijuana when arrested. A gun was found in the car beside the passenger seat. The cocaine was found underneath appellant's seat indicating appellant was in close proximity and had access to the cocaine, the car smelled of laundry detergent indicating an attempt to mask the odor of contraband, and appellant and Keller were traveling in a rental car on an interstate well-known as a drug-trafficking corridor. When asked about the package of cocaine before it was unwrapped, appellant told the officer it was "trash," thus indicating knowledge of and familiarity with its contents.
>
> From this evidence, we conclude the jury could have found beyond a reasonable doubt that appellant's link to the cocaine was "more than just fortuitous" and that appellant had actual care, custody, and control of the cocaine and knew it was contraband

*Guy*, 2008 WL 3984051 at *3-4 (internal citations omitted). Contrary to petitioner's argument, this type of evidence is more than sufficient to establish the type of "affirmative link" necessary to support his conviction for possession of a controlled substance under Texas law. *See, e.g. Washington v. State*, 215 S.W.3d 551, 556 (Tex. App.--Texarkana 2007, no pet.) (defendant linked to cocaine by, *inter alia*, other contraband and evidence he was in close proximity to the drugs); *Willis v. State*, 192 S.W.3d 585, 593-94 (Tex. App.--Tyler 2006, pet. ref'd) (same as to evidence that defendant appeared nervous and was in close proximity to cocaine, that the car in which defendant

was riding was rented, and that the car was stopped on an interstate highway known as a drug corridor); *Hyett v. State*, 58 S.W.3d 826, 831 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd) (same as to evidence that cocaine was found in close proximity to defendant). This ground for relief should be overruled.

C.

Next, petitioner argues that the state court violated his Sixth Amendment right to be present during trial.[2] A defendant has a constitutional right to be present in the courtroom at every stage of a criminal trial. *See Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). This right derives from the confrontation clause of the Sixth Amendment to the United States Constitution. *See id.*, 90 S.Ct. at 1058. However, the right to be present "is not absolute and can be waived by the voluntary absence of the defendant." *Clark v. Scott*, 70 F.3d 386, 388 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1444 (1996), *citing Taylor v. United States*, 414 U.S. 17, 19-20, 94 S.Ct. 194, 195-96, 38 L.Ed.2d 174 (1973).

The record shows that petitioner traveled to Louisiana after the first day of trial to visit his dying father. (*See* SF-IV at 56). The next morning, defense counsel notified the court that he received a message from petitioner, who said that his car broke down on the highway "just this side of the Louisiana-Texas border[.]" (*Id.*). It was later determined that petitioner's car broke down approximately 70 miles from Terrell, Texas, which is 15 minutes from the Kaufman County Courthouse. (*Id.* at 61-63). The judge recessed the trial for three hours so counsel could drive to a specified location to meet his client, but petitioner did not appear. (*See id.* at 62-63). Although

---

[2] Respondent contends that this claim is procedurally barred because it was raised for the first time on state collateral review. (*See* Resp. Ans. at 7-8). Although the failure to raise a claim on direct appeal may be "an adequate state ground capable of barring federal habeas review," *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert. denied*,126 S.Ct. 2059 (2006), *citing Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), the state habeas court did not rely on this state procedural rule in denying post-conviction relief. Instead, petitioner's claim was considered and rejected on the merits. *See Ex parte Guy*, WR-72,225-01, Tr. at 824, ¶¶ 12-17.

petitioner twice tried to contact his attorney by phone, both calls were lost. (*Id.* at 63). Counsel attempted to return the calls, but petitioner did not answer. (*Id.*). The court then resumed the trial in petitioner's absence. (*Id.*). After the state rested its case-in-chief, defense counsel asked for a brief continuance so he could make another attempt to locate petitioner. (*Id.* at 167). The court granted the request and recessed the trial for the day. (*Id.*). On the morning of the third day of trial, counsel reported that he was unable to find his client. (*Id.* at 168-69). Petitioner did not appear again until he was sentenced the following month. On these facts, the state habeas court found that petitioner "voluntarily absented himself from the trial." *Ex parte Guy*, WR-72,225-01, Tr. at 824, ¶ 17. Petitioner offers no evidence, much less clear and convincing evidence, to rebut that finding. Consequently, this ground for relief should be overruled.

D.

Petitioner also contends that his conviction was the result of an unlawful search and seizure. A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). The Fifth Circuit has held that "an opportunity for full and fair litigation" means just that-- an opportunity. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a [F]ourth [A]mendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*; *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002), *cert. denied*, 123 S.Ct. 1264 (2003). A habeas petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *See Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

There is no question that Texas courts provide a defendant with the opportunity for a full and fair hearing of Fourth Amendment issues. *See Kendricks v. Quarterman*, No. 3-05-CV-1722-N, 2008 WL 2081549 at *3 (N.D. Tex. May 1, 2008). In fact, such a hearing was held in this case. After considering the evidence, the trial court found that the initial traffic stop, the detention of petitioner and the driver, and the subsequent search of their vehicle were lawful. That ruling was affirmed on direct appeal. *Guy*, 2008 WL 3984051 at *6-7. Absent new evidence that was not available at the time of trial, petitioner is barred from relitigating his Fourth Amendment claim in federal court. *See Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995) (applying *Stone* bar in absence of new facts that were not developed at trial); *Jackson v. Quarterman*, No. 3-06-CV-0494-G, 2008 WL 58879 at *5 (N.D. Tex. Jan. 3, 2008), *aff'd*, No. 08-10051, 2009 WL 5102867 (5th Cir. Dec. 23, 2009) (same).

E.

Finally, petitioner argues that he received ineffective assistance of counsel because his attorney did not challenge on appeal: (1) the denial of an instruction requiring the jury to find that petitioner knew the substance was contraband; and (2) the refusal to allow defense counsel to make a "second" closing argument.

1.

"The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999).

In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id.*, *quoting Williamson*, 183 F.3d at 462-63.

2.

Counsel raised nine issues on direct appeal. Although the two additional claims suggested by petitioner were not presented to the state appeals court, neither claim has any merit. The trial court did not err in refusing to give the jury instruction requested by defense counsel because the charge given included the elements of the offense and applied the law to the facts. The jury was told that to convict petitioner, they must find beyond a reasonable doubt that he "did then and there intentionally or knowingly possess a controlled substance, namely, Cocaine, in an amount of 200 grams or more but less than 400 grams, by aggregate weight, including adulterants and dilutants[.]" (St. App. Tr. at 247). The charge included the statutory definitions of "intentionally" and "knowingly," and defined "possession" as "actual care, custody, control or management." (*Id.* at 246). At least one Texas court has held that the additional instructions requested by defense counsel are not required where the jury charge defines "possession" and the requisite mental states in statutory terms. *See Deener v. State*, 214 S.W.3d 522, 529 (Tex. App.--Dallas 2006, pet. ref'd). Thus, it would have been futile for counsel to raise this issue on appeal.

Similarly, counsel was not ineffective for failing to appeal petitioner's conviction on the ground that the trial court refused to allow a "second" closing argument. The statute cited by petitioner, Tex. Code Crim. Proc. art. 36.08, provides that "[t]he court shall never restrict the

argument in felony cases to a number of addresses less than two on each side." TEX. CODE CRIM. PROC. ANN. art. 36.08 (Vernon 2007). However, where the defendant is represented by only one attorney, the trial court has discretion to limit defense counsel to one argument. *See Tamez v. State*, 27 S.W.3d 668, 674 (Tex. App.--Waco 2000, pet. ref'd) (collecting cases). Even if the defendant has more than one attorney, "[a]rticle 36.08 . . . does not give the accused the right to rebut the closing argument of the State." *Id.*, *quoting Varela v. State*, 561 S.W.2d 186, 192 (Tex. Crim. App. 1978). Although petitioner was represented by three lawyers at trial, only one participated in closing argument. None of the other attorneys requested an opportunity make a second argument. On those facts, the state habeas court found that petitioner was not entitled to a second closing statement, and that counsel was not ineffective for failing to raise this issue on direct appeal. *Ex parte Guy*, WR-72,225-01, Tr. at 819, ¶ 11. Petitioner has failed to rebut that finding by clear and convincing evidence. His reliance on article 36.08, without more, does not justify federal habeas relief.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE