IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIMOTHY GERARD GUY**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:09-CV-2060-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Timothy Gerard Guy's Petition for Writ of Habeas Corpus, filed October 30, 2009. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings and Recommendation of the United States Magistrate Judge ("Report") on March 5, 2010. Respondent filed objections to the Report on March 11, 2010. Petitioner filed objections on March 26, 2010.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner was a passenger in a rental car that was pulled over by a police officer because it did not have license plates or registration tags. Upon investigation, the officer noticed a green leafy substance on Petitioner's lap and smelled a strong odor of laundry detergent. After obtaining consent from the driver to search the vehicle, the officer discovered a loaded gun and a package full of cocaine under Petitioner's seat. Petitioner was ultimately convicted of possession of 200 grams or more but less than 400 grams of cocaine; he was sentenced to 75 years confinement. The sentence and conviction were affirmed on direct appeal. Petitioner then sought state habeas relief, and his application was denied without written order on the findings of the trial court. He now requests habeas relief from this court and asserts grounds of insufficiency of the evidence, denial of his right to be present during trial,

unlawful search and seizure, and ineffective assistance of counsel. Magistrate Judge Kaplan determined that Petitioner failed to rebut the findings of the state court's decision to deny habeas relief. Accordingly, the magistrate judge recommends that the petition be denied.

Although he agrees with the magistrate judge's ultimate recommendation, Respondent objects to the magistrate judge's finding that Petitioner's Sixth Amendment claim is not procedurally barred because the state court considered the merits of that claim. In support, Respondent cites case law standing for the proposition that procedural bar still exists when the state court considered the merits in the alternative. *See Sawyers v. Collins*, 986 F.2d 1493, 1499 (5th Cir. 1993). Here, Respondent argues that this is precisely what the state court did. After reviewing the cited authority, the court agrees with Respondent and **determines** that procedural bar is not inapplicable merely because the state court considered the merits of Petitioner's claim in the alternative to procedural bar.

Petitioner, on the other hand, disagrees with the ultimate recommendation and makes several objections to the findings of the magistrate judge. First, Petitioner objects to the magistrate judge's failure to paginate the eleven page Report. He contends "history reflects that appellate courts, and judges all fail to entertain legal documents that consist of eleven pages, if the pages are not numbered to insure the proper sequence." Pet'r's Opp'n 2. Petitioner has not included any case law or historical examples to support this assertion. While the better practice would be to paginate, the court overrules the objection because finding error with a failure to paginate would exalt form over substance. Contrary to Petitioner's contentions, judges and appellate courts routinely entertain legal arguments of both the paginated and the unpaginated variety.

Petitioner's second objection is to the magistrate judge's finding that the police officer's search of the vehicle was valid. Petitioner argues that because the rental car was stopped because it was missing license plates, the officer had no right to obtain consent from the driver to conduct a more thorough search of the interior. The court disagrees. An officer can always ask for consent to search a vehicle based upon his own suspicion. When consent is voluntarily given, as here, the officer is then placed at liberty to conduct his search. The driver was under no obligation to grant the officer his consent. Petitioner's objection is overruled.

Petitioner's third objection is to the magistrate judge's finding that he appeared nervous and agitated when the police officer began searching the car. Petitioner contends that his behavior was better explained by "his bladder being full" than by having a "guilt of consciousness." The court finds this distinction irrelevant because the officer had already obtained consent to search the vehicle. Petitioner's suspicious behavior was not used to justify the officer's search; the driver's consent was. Petitioner's objection is overruled.

Petitioner's fourth objection is to the magistrate judge's alleged glossing over "the fact that the officer was racial profiling." Pet'r's Opp'n 4. Petitioner contends that the magistrate judge knew racial profiling was occurring but did not address it in his opinion. In support of this contention, Petitioner states that because the magistrate judge refers to the interstate highway where the rental car was stopped, IH-20, as a "well known drug corridor," it proves that the officer was racial profiling. The court does not understand how Petitioner reached this conclusion. Simply because an interstate highway is a known drug corridor does not preclude any traveler other than a drug dealer from using that road. IH-20 is a major thoroughfare south of Dallas used by travelers from all walks of life, accessible to anyone with a vehicle. Further, even if the road *was* exclusively

used by drug dealers, there is no indication that all drug dealers are minorities. Accordingly, racial profiling had no bearing on the reason the rental car was stopped; Petitioner's objection is overruled.

Finally, Petitioner objects to the magistrate judge not addressing that the packaging containing the cocaine was thrown away. Petitioner contends that, had the packaging been properly fingerprinted, it would have revealed no trace to his ownership of the package. The magistrate judge addressed the evidentiary record in some detail in his Report. The record makes clear that, at a minimum, Petitioner was aware that the package containing cocaine was under his seat and that he had at least some familiarity with the contents of the package. Even if his fingerprints could not be traced to the package itself (no fingerprints were taken), the evidence is more than sufficient to establish that he "possessed" the cocaine package within the meaning of the statute. Petitioner's objection is overruled.

Having reviewed the petition, file, record, and the Report in this case, the court determines that the findings and recommendation are correct, except the magistrate judge's determination regarding the procedural bar issue. The court therefore **rejects** the magistrate judge's findings and recommendation with respect to the procedural bar issue and **accepts** the findings and recommendation in all other respects. Respondent's objection is **sustained**, and the court **denies** the application for writ of habeas corpus.

**It is so ordered** this 31st day of March, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

Order – Page 4